IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31289-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN JASPER HOSSZU, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — This appeal challenges the trial court's application of the rape

shield statute, RCW 9A.44.020, to exclude proposed testimony concerning the victim's

relationship with her boyfriend. We agree with the trial court that the evidence was not

relevant and affirm Stephen Hosszu's convictions for first degree burglary and third

degree rape.

## FACTS

Mr. Hosszu and his wife were neighbors of the victim, S.V., a school teacher.

Two different versions of the charged incident were presented to the jury. Mr. Hosszu

testified at trial that he went to S.V.'s house to deliver some pens and pencils for her

school children. He was invited into the house. Upon setting down the items, he pointed

out an unusual flat pen. S.V. commented that it looked like her boyfriend's penis. Mr.

Hosszu then put his hand on her scapula and asked, "is that what you missed." She responded in a wanting way, "yes." He then put his hand down on her vagina without penetrating her. He then pulled his hand away suddenly, feeling that the contact was not right. He left the house.

S.V. described the incident very differently. She was making jam in her kitchen when Mr. Hosszu unexpectedly entered through her partially open garage. She was wearing a swimsuit under her shirt and shorts on a hot July day. Mr. Hosszu set a can of pencils down on the counter and came up behind her. He put his right hand on her shoulder and put the left hand down her shorts and inserted a finger into her vagina. He told her that "you're going to make me cream in my shorts." Shocked by the unexpected action, S.V. backed away into her garage and then into the backyard. Mr. Hosszu followed; his pants were unzipped and his penis was erect. He made various statements to S.V., including a request to "come and lick me." He refused to leave when she asked him to go, so she went into her front yard. He then left.

Prior[1] to the date of the incident, Mr. and Mrs. Hosszu allegedly had been involved in a sexually-oriented conversation with S.V.[2] Aware that the defense wanted to question S.V. and present testimony about the conversation, the prosecutor sought a

---

[1] The offer of proof at the pretrial hearing indicated it had been several days before the incident, but the defense asserted at trial that it occurred the day before.

[2] The prosecutor indicated to the court that S.V. denied the conversation took place.

hearing under the rape shield statute. The defense made an offer of proof to the judge at a pretrial hearing, indicating that the defendant's wife—and the defendant if he chose to testify—would describe the conversation with S.V. The court summarized the offer of proof:

- Defendant and his wife visited their neighbor, SV (the alleged victim), a few days before the charged incident;
- SV invited them into her home;
- SV was wearing a bathrobe and commented several times that she was nude beneath the robe;
- SV complained that her jaw hurt because of having engaged in protracted oral sex with her boyfriend;
- SV commented regarding not being sexually fulfilled because of her boyfriend's dislike for ED[3] medication;
- SV repeatedly opened and closed her bathrobe but did not expose her breasts or genitalia;
- SV hugged Defendant's wife, saying she enjoyed having someone hug her breasts.

Clerk's Papers at 25.

After considering the offer of proof, the court ruled that the evidence was irrelevant to the issue of consent. Although the evidence suggested that the victim was sexually open, it did not suggest that she was seeking sexual attention from the defendant or anyone else. Determining that the evidence was irrelevant, the court did not further address the requirements of the rape shield statute.

---

[3] Erectile Dysfunction

3

The defense corrected the date of the alleged conversation for the trial judge, but did not ask him to reconsider the pretrial ruling. The defendant testified to the incident as previously described, and his wife corroborated his claim that S.V. opened the front door to let him into her house. Defense counsel argued the case to the jury on the theory that defendant frequently visited S.V., he was at her home with permission, and that his version of the events was better corroborated and more credible than her story.

The jury, however, disagreed and found the defendant guilty as charged. The trial court imposed a standard range sentence. Mr. Hosszu then appealed to this court.

## ANALYSIS

Mr. Hosszu argues that the trial court erroneously excluded his proffered evidence and thereby also violated his right to present a defense. We disagree with both contentions and will address them as one.

The principles governing our review of these arguments are well settled. ER 401 provides in part that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Subject to limitations imposed by other rules or constitutional principles, relevant evidence is admissible. ER 402. ER 403 authorizes trial courts to exclude otherwise relevant evidence if the probative value of the evidence is significantly outweighed by the danger of unfair prejudice or other interference with the factfinding function of the jury. *Carson v. Fine*, 123 Wn.2d 206, 222-23, 867 P.2d 610 (1994). A

trial judge's decision to admit or exclude evidence under these provisions is reviewed for abuse of discretion. *Diaz v. State*, 175 Wn.2d 457, 462, 285 P.3d 873 (2012). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

> RCW 9A.44.020(2), our rape shield statute, provides:

> Evidence of the victim's past sexual behavior including but not limited to the victim's marital history, divorce history, or general reputation for promiscuity, nonchastity, or sexual mores contrary to community standards is inadmissible on the issue of credibility and is inadmissible to prove the victim's consent except as provided in subsection (3) of this section, but when the perpetrator and the victim have engaged in sexual intercourse with each other in the past, and when the past behavior is material to the issue of consent, evidence concerning the past behavior between the perpetrator and the victim may be admissible on the issue of consent to the offense.

Subsection (3) permits evidence of past sexual behavior to prove consent, but not to attack the credibility of the victim, on several conditions: A written motion is filed (accompanied by an affidavit) explaining the relevance of the information, the court holds a hearing and concludes the offer of proof is sufficient, and the court finds the evidence relevant, not unduly prejudicial, and exclusion would deny substantial justice to the accused. *See* RCW 9A.44.020(3).

Finally, in some circumstances the constitution requires that state evidentiary rules give way to the constitutional right to present a defense. *E.g.*, *State v. Jones*, 168 Wn.2d 713, 719-21, 230 P.3d 576 (2010). There is, however, no constitutional right to present

5

irrelevant evidence. *Id.* at 720. If a court excludes relevant evidence to the point where it effectively prevents presentation of the defense, the constitutional right is violated. *Id.* at 721.

The rape shield statute was authoritatively construed in *State v. Hudlow*, 99 Wn.2d 1, 659 P.2d 514 (1983). The court noted that the purpose of the statute was to overturn the former common law rule that evidence of promiscuity or nonchastity was evidence of a woman's lack of credibility, but not so for a man. *Id.* at 8. Another fallacy of the common law rule was the belief that a woman who had consented to sexual activity with another man in the past was more likely to currently consent to sexual activity with the defendant. *Id.* at 10. The court rejected the notion that past consent to sexual activity meant one was likely to have consented in the current case; such evidence did "not even meet the bare relevancy test of ER 401." *Id.* Instead, the court suggested that past patterns of behavior might be relevant if similar to the behavior at issue in the present case. *Id.* at 10-12. Even in cases where past sexual behavior had some relevance to the case at bar, the trial judge has discretion to exclude the evidence if it presented a danger of prejudicing the truthfinding process. *Id.* at 12-14. However, the defendant's constitutional right to present evidence could only be overcome by the showing of a "compelling state interest" in excluding relevant evidence. *Id.* at 14-16. The court concluded that the compelling interest test was satisfied with respect to evidence that had minimal relevance, but would not be met for evidence that was highly probative. *Id.* at

6

16. The court concluded that the trial court had not abused its discretion in excluding evidence that the victims had a reputation for promiscuity. *Id.* at 17-19.

Considered against this background, Mr. Hosszu's arguments fail. The pretrial judge correctly concluded that the evidence of the prior conversation did not make more likely the possibility that the victim had consented to being sexually violated by the defendant. Nothing in the offer of proof established that S.V. desired sexual contact with another man, let alone with Mr. Hosszu. The only potentially relevant inference to be drawn from this evidence was that the victim was sexually frustrated and, therefore, the defendant thought she would consent to his touch. Washington, however, has long rejected that reasoning under our rape shield statute. *Id.* at 10. As noted there, this type of inference is not relevant evidence under ER 401. *Id.*

The trial court judge properly excluded the evidence as irrelevant. For the same reason, there was no violation of the right to present a defense. *Jones*, 168 Wn.2d at 720. The constitution simply does not require that any evidence the defendant desires to offer be treated as relevant and therefore admissible. Having failed to establish the relevance of the proffered evidence, Mr. Hosszu's constitutional right to present a defense was not impinged. *Id.* For this reason, too, his argument fails.[4]

---

[4] We do not address whether any error in exclusion of this evidence effectively prevented Mr. Hosszu from presenting his consent defense. He was able to testify and argue that S.V. wanted him to touch her; whether the conversation evidence was necessary to provide context for his testimony is not a question we need reach.

No. 31289-5-III
*State v. Hosszu*

The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____ _____
Siddoway J.            Price, J.P.T

8